UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN M. SIMPSON,<br><br>            Plaintiff,<br><br>      v.<br><br>FRESNO COUNTY JAIL, et al.<br><br>            Defendants. | Case No.: 1:15-cv-01464-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING ACCESS TO LEGAL RESOURCES<br><br>(ECF No. 6) |

**I.      Background**

Plaintiff Calvin M. Simpson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

**II.     Motion for Access to Legal Resources**

On October 13, 2015, Plaintiff filed a motion stating that the Manager for Offender Programs at Fresno County Jail, Michelle Lefers, denied him law library access. (ECF No. 6.) He seeks that this Court order (1) a dismissal of certain criminal complaints against him; (2) order that he be allowed access to a law library; and (3) an order that he be appointed legal counsel to compensate for the lack of legal resources.

1

1   To Plaintiff's request that this Court dismiss criminal complaints against him brought in the Superior Court of California, the Court informs Plaintiff that this is a civil action in federal court, and this Court does not have jurisdiction over such matters.

The Court construes Plaintiff's motion, to the extent he seeks an order allowing him access to the law library, as a request for a temporary restraining order and preliminary injunction against the jail officials at the Fresno County Jail. His request for the appointment of counsel is discussed further below.

### A. Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985).

1  The pendency of this action does not give the Court jurisdiction over prison officials in
2  general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1
3  (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.2010). The Court's jurisdiction is
4  limited to the parties in this action and to the viable legal claims upon which this action is proceeding.
5  Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

6  **B.      Discussion**

7  Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The
8  Court is required to screen complaints brought by prisoners seeking relief against a governmental
9  entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or
10 any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon
11 which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such
12 relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

13 By an order to be issued concurrently with this order, the Court has screened Plaintiff's
14 complaint and determined that he has not yet stated any cognizable claims. No defendant has been
15 ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks
16 personal jurisdiction over any officials at Fresno County Jail, and it cannot issue an order requiring
17 them to take any action.

18 Further, Plaintiff has informed the Court that he is now housed at the Wasco State Prison (ECF
19 No. 7), and is no longer being held at Fresno County Jail. As a result, his claim for injunctive relief
20 against the officials at Fresno County Jail is moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D.
21 Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred
22 from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d
23 1047, 1053 n. 5 (9th Cir. 2007).

24 **III.     Request for the Appointment of Counsel**

25 Plaintiff states in his motion that he seeks counsel because he was denied access to a law
26 library at the Fresno County Jail.

27 Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v.
28 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

3

Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has found, as shown in its separate order, that Plaintiff has not yet stated any cognizable claim in this case. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Although Plaintiff has not yet stated any cognizable claims, his pleadings and motions thus far are understandable.

### IV. Conclusion and Order

For the reasons explained above, the Court HEREBY ORDERS that Plaintiff's Motion for Access to Legal Resources, filed October 13, 2015 (ECF No. 6), is DENIED.

IT IS SO ORDERED.

Dated:   **August 16, 2016**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE