UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN M. SIMPSON,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY JAIL, et al.<br><br>Defendants. | Case No.: 1:15-cv-01464-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Calvin M. Simpson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

Plaintiff's complaint, filed September 28, 2015, is currently before the Court for screening. (ECF No. 1.)

### I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently incarcerated at Wasco State Prison. The events in the complaint are alleged to have occurred while Plaintiff was a pre-trial detainee at Fresno County Jail. Plaintiff names the following defendants, all employed at the Fresno County Jail:  (1) Correctional Officer J. Campbell; (2) Correctional Sergeant D. Quintana; (3) Correctional Lieutenant N. Barton; (4) Correctional Officer III F. Vargas; and (5) Correctional Lieutenant R. Duran.

Plaintiff alleges as follows:  Correctional Officer J. Campbell "scan[ned] (read)" Plaintiff's privileged legal mail to his attorney of record. When Plaintiff asked what Campbell was doing, he said that he had the right to scan Plaintiff's legal mail.

Plaintiff requested access to the kiosk in Fresno County Jail. Plaintiff was told by the Offender Program Manager M. Lefers that per Jail Division Policy E-345, legal research access is only for inmates who are acting as their own attorney (in propria persona).

Plaintiff alleges a violation of his attorney-client privilege, and of his access to the courts/legal research. As relief, Plaintiff seeks for the entire staff at the Fresno County Jail to be trained in the proper handling of legal mail, that there be a secure mailbox placed in each housing area for inmates, and that all inmates be entitled to law library access, regardless of their in propria persona status.

### III. Deficiencies of Complaint

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Correctional Sergeant D. Quintana, Correctional Lieutenant N. Barton, Correctional Officer III F. Vargas, and Correctional Lieutenant R. Duran to any constitutional violation. If Plaintiff elects to amend his complaint, he must state what each person did or did not do which caused an alleged violation of his Constitutional rights.

#### B. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507

1  F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1)
2  the claim arises out of the same transaction or occurrence, or series of transactions and occurrences,
3  and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130
4  F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual
5  background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will
6  the Court review the other claims to determine if they may be joined under Rule 18(a), which permits
7  the joinder of multiple claims against the same party.

8      Although not entirely clear, it appears Plaintiff is raising different claims against different
9  defendants which are unrelated, which he may not do in this action. Plaintiff may not pursue a claim
10 against certain defendant(s) for issues related to his mail, while simultaneously pursuing a claim
11 against other defendant(s) for the denial of access to the courts. If Plaintiff elects to amend his
12 complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's
13 amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the
14 claims it finds to be improperly joined.

15     **C.  Supervisory Liability**

16     Plaintiff has made allegations about policies at the Fresno County Jail that he contends violate
17 his Constitutional rights. In general, Plaintiff may not hold a defendant liable solely based upon their
18 supervisory positions. Liability may not be imposed on supervisory personnel for the actions or
19 omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77;
20 Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of
21 Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
22 Supervisors may be held liable only if they "participated in or directed the violations, or knew of the
23 violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
24 accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570
25 (9th Cir. 2009).

26     However, supervisory liability may exist without any personal participation if the official
27 implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and
28 is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435,

1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); OSU Student Alliance v. Ray, 699 F.3d at 1076 ("§ 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.) For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. Long, 442 F.3d at 1189. Plaintiff must allege that the injury could have been avoided had proper policies been implemented.

Plaintiff has not alleged that any defendant instituted a deficient policy, identified that policy, shown that such a policy was the moving force behind a deprivation of his constitutional rights, or that his injury could have been avoided with proper policies. Plaintiff will be granted leave to amend, to the extent he can do so in good faith.

### D.  Interference with Mail

Plaintiff alleges that Correctional Officer J. Campbell scanned Plaintiff's legal mail in his presence. The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908–909 (9th Cir. 2014); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff, 418 U.S. at 576–77; Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). In Wolff v. McDonnell, the Supreme Court noted that inspecting mail sent to inmates from their own attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577.

Nevertheless, correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. Prison officials may open and inspect, but not read, a prisoner's

1  legal mail. Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014). However, an isolated incident of mail
2  interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord,
3  320 F.3d 346, 351 (2d Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999)
4  (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment
5  rights); Witherow, 52 F.3d at 266 (First Amendment not violated where prison's mail regulation
6  related to a legitimate penological interest).

7  By Plaintiff's statement that he alleges a violation of his attorney-client privilege, it appears he
8  may intend to state a claim for a violation of his Sixth Amendment right to counsel. The Sixth
9  Amendment only to criminal proceedings. Wolff v. McDonnell, 418 U.S. 539, 576 (1974) ("As to the
10 Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the
11 criminal setting."); see Alvarez v. Horel, 415 Fed. Appx. 836, 837 (9th Cir. 2011) (stating that a
12 prisoner's claim that his Sixth Amendment rights were violated when an official opened his legal mail
13 was properly dismissed because the Sixth Amendment applies only to criminal proceedings). A
14 plaintiff alleging a Sixth Amendment claim must also demonstrate an actual injury, such as a chilling
15 of the "right to privately confer with counsel." Nordstrom, 762 F.3d at 911.

16 Here, Plaintiff's allegations are too vague for the Court to determine whether he has any
17 cognizable claim based on some interference with his legal mail. Plaintiff describes Officer
18 Campbell's actions as "scanning" his letter, but also states that the letter was read. Merely scanning
19 and inspecting a letter for contraband to ensure the content of a letter is of legal subject matter does
20 not violate Plaintiff's constitutional rights. Plaintiff must plead sufficient facts with enough clarity for
21 the Court to determine whether Plaintiff has a cognizable claim. Plaintiff will be given leave to cure
22 this deficiency, to the extent he can do so in good faith.

23 **E. Access to Courts**

24 Plaintiff also complains that he was not permitted to access a kiosk for legal research because
25 of a policy that he is only allowed to proceed in propria persona. "[T]he fundamental constitutional
26 right of access to the courts requires prison authorities to assist inmates in the preparation and filing of
27 meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance
28 from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72

1  (1977)); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (same). The right of access to the courts,
2  however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983
3  actions. Lewis v. Casey, 518 U.S. 343, 354–55, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

4        In order to frame a claim of a denial of the right to access the courts, a prisoner must allege
5  facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the
6  standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to
7  contemplated or existing litigation, such as the inability to meet a filing deadline or to present a
8  claim." Id. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152,
9  1155 n. 1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been
10 frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353
11 & 353 n. 4).

12       The provision of an adequate law library (or legal assistance) is not an end in itself, "but only
13 the means for ensuring 'a reasonably adequate opportunity to present claimed violations of
14 fundamental constitutional rights to the courts.' " Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at
15 825). Indeed, there is no "abstract, freestanding right to a law library or legal assistance." Id., at 351.
16 Therefore, a prisoner's complaint will not survive screening if it simply alleges facts showing "that his
17 prison's law library or legal assistance program is subpar in some theoretical sense." Id.

18       Here, Plaintiff's allegations are insufficient to state a claim for denial of the right to access to
19 the courts. Plaintiff has not alleged any injury related to the fact that he was not permitted to access a
20 kiosk for legal research, and his allegations are vague as to what occurred and when. His factual
21 allegations are not sufficient to show that he was caused prejudice by these acts in a specific, pending
22 or contemplated, non-frivolous claim. Nor has he identified whose actions or inactions caused this
23 alleged violation. Plaintiff will be granted leave to cure these deficiencies, to the extent he can do so in
24 good faith.

25     **F.  Injunctive Relief**

26       Plaintiff seeks injunctive relief against the officials at the Fresno County Jail, for himself and
27 other inmates. However, he is no longer housed there as a pre-trial detainee, and is instead currently
28 incarcerated at Wasco State Prison. As a result, his claim for injunctive relief against the officials

employed at Fresno County Jail is moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

Further, Plaintiff is limited to seeking relief for himself, and may not pursue claims on behalf of other inmates. A "plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties." Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

### IV.     Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **August 16, 2016**            /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE